offense of breaking and entering a motor vehicle.

In the interest of judicial economy we vacate and remand the dismissal of appellant's application for the writ of habeas corpus for consideration with his application remanded in No. 30829. The district court in its order adopted the findings of the United States Magistrate. The Magistrate, however, made no mention of the second civil action filed under Docket No. CA–3–4506–B. We, therefore, further vacate and remand the tacit rejection of appellant's civil rights action. This court has viewed dismissals on barebone pleadings with great scrutiny. A tacit dismissal, as the case here, requires a summary [1] reversal.

Vacated and remanded.

---

### Mary Anna POLK, Plaintiff-Appellant,

v.

### PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant-Appellee.

No. 71–1637
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1971.

Paul H. Holmes, Holmes & Dukes, Hattiesburg, Miss., for plaintiff-appellant.

Rowland W. Heidelberg, Heidelberg, Sutherland & McKenzie, Hattiesburg, Miss., for defendant-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

---

### UNITED STATES of America, Plaintiff-Appellee,

v.

### Eliot CASHDAN and Stanley Zanghetti, Defendants-Appellants.

No. 30293.

United States Court of Appeals,
Fifth Circuit.

May 28, 1971.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.